IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UBS FINANCIAL SERVICES INC.,

    Plaintiff,

vs.

BARBARA PATTERSON, AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF DONITA KING, and
DIANE ODENCRANS,

    Defendants.
_____/

Case No.: 8:25-cv-03339-JLB-SPF

## COMPLAINT

Plaintiff, UBS Financial Services Inc. ("Plaintiff" or "UBS"), files this Complaint seeking interpleader and declaratory relief, and states as follows:

### PARTIES

1. UBS is a corporation organized under the laws of the State of Delaware, with its principal place of business in New Jersey. It is therefore a citizen of the States of Delaware and New Jersey.

2. UBS is authorized to do business and is doing business in the State of Florida.

3. Prior to her death on June 3, 2025, Donita King ("Decedent") was a citizen of the State of Florida, and resided in Bradenton, Florida.

1

4. Decedent had various accounts with UBS, including the following which had a collective valuation of approximately $2,000,000.00 at the time of her death: Resource Management Account No. BG31019 ("RMA"), Individual Retirement Account No. BG32492 ("IRA"), and Individual Retirement Account No. BG18716 ("Roth IRA") (collectively, the "Accounts").

5. In Probate Case No. 2025CP001501AX pending in Manatee County, Florida, Defendant Barbara Patterson ("Patterson") has been appointed personal representative of the Estate of Donita King ("King Estate"); Patterson is sued in that capacity and is therefore a citizen of the same state as the Decedent (i.e., Florida).

6. Defendant Diane Odencrans ("Odencrans") is a citizen of the State of Minnesota, residing in Mora, Minnesota.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because there is complete diversity of citizenship between the Interpleader Defendants, and the amount in controversy to be deposited with the Court exceeds $500.00, exclusive of interest and costs.

8. This Court also has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and Fed.R.Civ.P. 22 because UBS is a citizen of a different state than each Defendant and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest and costs.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b) and 28 U.S.C. § 1397 because a defendant resides in this District and a substantial part of the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

10.     At the time of the Decedent's death, the beneficiary that the Decedent had named as the primary beneficiary of the Accounts had passed away, and the contingent beneficiary was the King Estate.

11.     As of the time of filing, the RMA is valued at $1,008,454.25; however, the RMA served as collateral for Decedent's variable credit line which has a current balance owed of $353,498.73. Accordingly, after deducting the balance owed on the variable credit line from the RMA, the RMA balance payable to the appropriate beneficiary is approximately $654,955.52 (hereinafter, "RMA Balance").[1]

12.     As of the time of filing, the IRA is valued at $917,392.04, and the Roth IRA is valued at $46,067.11 (collectively, the "IRA Balance").

13.     For the IRA Balance, upon the Decedent's death, an inherited individual retirement account is to be established with the appropriate beneficiary as the account owner (who then has the right to withdraw funds over a specified period of time under federal law); thus, the IRA Balance cannot be deposited into the registry of the Court without potential tax consequences.

---

[1] All valuations set forth in this Complaint are subject to change due to market activity and, for the credit line, interest accumulation.

14. The King Estate has claimed entitlement to the funds in the Accounts and has demanded that UBS transfer ownership of the IRA Balance and/or pay it the RMA Balance (collectively, the IRA Balance and the RMA Balance are referred to as the "Proceeds").

15. Following Decedent's death, Odencrans contacted UBS and advised that Decedent had made Odencrans the beneficiary of her accounts, including any with UBS.

16. Although the beneficiary forms for the Accounts were never changed to make Odencrans the beneficiary, UBS has written communications from Decedent supporting Odencrans' claim that the Decedent may have intended to name her as the beneficiary of the Accounts, or may have believed she made Odencrans the beneficiary of the Accounts.

17. In light of the foregoing, UBS is faced with competing claims regarding the proper beneficiary of the Accounts and cannot determine without peril whether the King Estate or Odencrans is the proper beneficiary. As a result, UBS has been compelled to file the instant lawsuit.

## COUNT I -INTERPLEADER

18. UBS incorporates by this reference each preceding paragraph as if fully set forth herein.

19. UBS admits that the Proceeds are either payable or transferable to the proper beneficiary. However, due to the issues described above, UBS cannot determine without peril the proper party to whom the Proceeds are owed.

20. UBS claims no beneficial interest in the Proceeds and acts instead as a mere stakeholder.

21. Unless the potentially conflicting claims of the Defendants are disposed of in a single proceeding, UBS may be subject to multiple litigation and face substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Proceeds.

22. UBS is ready, willing, and able to pay the RMA Balance into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds, and to transfer ownership of the IRA and Roth IRA upon either a settlement between the Defendants, or issuance of an order of this Court which determines the proper beneficiary(ies) of the IRA and Roth IRA, or as otherwise instructed by the Court.

23. UBS is entitled to an order enjoining the Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against UBS for the recovery of any claim, in whole or in part, against the Accounts.

24. UBS should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this action.

## COUNT II – DECLARATORY RELIEF

25. UBS incorporates by this reference paragraphs 1-17 as if fully set forth herein.

26. In the alternative, with respect to the IRA Balance which cannot be deposited in the Court's registry without adverse tax consequences, UBS seeks declaratory relief as to the proper beneficiary of the IRA and Roth IRA.

27. There is an actual controversy with regard to the proper beneficiary of the IRA and Roth IRA, in that the King Estate and Odencrans both claim entitlement to the IRA Balance, thereby exposing UBS to the risk of multiple liability and/or litigation.

28. A determination by this Court as to the proper beneficiary of the IRA and Roth IRA will resolve this controversy and allow UBS to transfer ownership of the IRA and Roth IRA to the proper beneficiary.

29. Pursuant to the applicable agreement between UBS and Decedent, UBS is entitled to recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, UBS respectfully requests that this Court enter a final judgment in its favor and against the Defendants as follows:

a. That the aforementioned RMA Balance be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

b.  That the Court adjudicate the issue of which Defendant is rightfully entitled to the Proceeds;

c.  That UBS be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Accounts with an express finding of finality pursuant to Rule 54 of the Federal Rules of Civil Procedure;

d.  That the Court enter an order enjoining each of the Defendants, their agents, attorneys, and/or assigns, from instituting or maintaining any action in any court or forum against UBS for the recovery of any claim, in whole or in part, against the Accounts;

e.  That an award be made to UBS out of the Proceeds, as reimbursement for the costs, attorneys' fees, and other expenses that UBS is compelled to expend in the prosecution of this lawsuit; and

f.  That UBS be awarded such other and further relief as the Court may deem just and proper.

Dated: December 5, 2025

By:  */s/ Jeannine C. Jacobson*
Jeannine C. Jacobson / FBN 58777
Maynard Nexsen, PC
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Telephone: (305) 735-3752
E-mail: jjacobson@maynardnexsen.com
vorellanos@maynardnexsen.com
*Counsel for Plaintiff*